IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 25, 2017 Session

**MARTIN GOSS v. FRANKEY GOSS**

**Circuit Court for Knox County, Fourth Circuit**
**No. 92503     Gregory S. McMillan, Judge**

_____

**No. E2017-00682-COA-R3-CV**

_____

The Notice of Appeal filed by the appellant, Martin Goss, states that the appellant is appealing from a judgment entered on March 7, 2017. However, there is no final judgment in the proceedings below and the case remains pending in the Trial Court. As such, we lack jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, CHARLES D. SUSANO, JR., AND THOMAS R. FRIERSON, II, JJ.

Martin Luther Goss, Knoxville, Tennessee, appellant, *pro se.*

Michael L. DeBusk, Knoxville, Tennessee, for the appellee, Frankey Goss.

**MEMORANDUM OPINION**[1]

        This Court was alerted by the Trial Court Clerk, prior to transmission of the record, that there was no final judgment entered on March 7, 2017, and that the case

_____

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

remained pending in the proceedings below. In fact, the March 7, 2017 order being appealed set the case for a final hearing, among other things. As such, and pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction as the March 7, 2017 order was not a final judgment from which an appeal as of right would lie. The appellant filed a response to the show cause order acknowledging that the March 7, 2017 order "may not be a final judgment," but asking that this Court review it anyway as it represents "a pattern of fraud perpetrated on the court." The appellant's request is not well-taken.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because the order on appeal in not a final judgment resolving all of the claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). While the Supreme Court in *Bayberry* remarked that there is "no bar" to the suspension of the finality requirements of Rule 3(a) pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, the appellant's argument in support of suspension of the requirements of the rule does not rise to the level necessary to allow this case to go forward. *See id.* (noting that "there must be a good reason for suspension"). Moreover, the question exists whether such a suspension would be proper given developments in the law subsequent to *Bayberry*. *See Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) ("Lack of appellate jurisdiction cannot be waived.") (citing *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)).

Accordingly, this appeal is dismissed. Costs on appeal are taxed to the appellant, Martin Luther Goss, for which execution may issue if necessary.

**PER CURIAM**